798 F.2d 1415
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
George R. KROCKER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 85-4035.
 United States Court of Appeals, Sixth Circuit.
 July 17, 1986.
 
 Before KENNEDY and MILBURN, Circuit Judges, and PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This matter is before the Court for consideration of appellant's motions for appointment of counsel and to proceed in forma pauperis on appeal from the district court's denial of his motion to vacate sentence (28 U.S.C. Sec. 2255). This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and appellant's informal brief, the panel unanimously agrees that oral argument is not necessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 On June 6, 1980, the district court entered a judgment and commitment order pursuant to appellant's plea of guilty to one count of transferring, delivering and selling counterfeit obligations in violation of 18 U.S.C. Sec. 473. On May 8, 1981, appellant was sentenced to a two year term of imprisonment, the execution of which was delayed for six months during which time he was placed on probation and required to fulfill certain obligations. Appellant complied with the requirements of the May 8 order and on July 28, 1981, the district court ordered that appellant be placed on probation for two years.
 
 
 3
 Appellant was indicted in Cuyahoga County Court of Common Pleas on April 19, 1983, on four counts of receiving stolen property and one count of possession of criminal tools. Consequently, the probation officer petitioned the district court to revoke appellant's probation, and on November 8, 1983, the district court vacated the probation order of May 8, 1981, and imposed the two year sentence.
 
 
 4
 Appellant filed a petition to vacate sentence on September 26, 1985, in which he challenged the propriety of imposing the two year sentence. The district court determined that the motion was without merit and dismissed the action.
 
 
 5
 A review of the relevant documents reveals that the district court did not act improperly in vacating its order of May 8, 1981, and imposing the original two year sentence. The district court was notified of appellant's state court indictment by appellant's probation officer on May 5, 1983. At that time, appellant was still on probation (the two year term would have expired May 8, 1983). 18 U.S.C. Sec. 3564(a) and 18 U.S.C. Sec. 3565(a)(2) permit a district court to revoke or extend probation prior to the expiration of the term of probation. The district court acted properly in imposing the two year sentence. 18 U.S.C. Sec. 3565(d)(2).
 
 
 6
 It appears that the questions on which this cause depends are so unsubstantial as to not require further argument. Rule 9(d)(3), Rules of the Sixth Circuit, Therefore, it is ORDERED that appellant's motion to proceed in forma pauperis be granted, the motion for appointment of counsel be denied and the district court's final order be affirmed.